State v. Spinks

---

STATE OF NORTH CAROLINA v. WILEY SPINKS

No. 7519SC461

(Filed 19 November 1975)

1. **Criminal Law § 92— consolidation of two cases — no error**
    Trial court did not abuse its discretion in consolidating defendant's case for trial with that of another defendant who allegedly participated in the armed robbery with him.

2. **Criminal Law § 91— "surprise witness" — no continuance — no error**
    The trial court did not err in allowing a "surprise witness" to testify without first granting a continuance to allow defense counsel to prepare where the court gave defense counsel an opportunity to consider the testimony to be given by the witness, the district attorney advised both the court and defense counsel that he would offer the testimony of the witness within a short time after he learned of the witness, and the record does not show that defendant moved for a continuance.

State v. Spinks

ON *certiorari* to review defendant's trial before *Exum, Judge.* Judgment entered 28 November 1973 in the Superior Court, RANDOLPH County. Heard in the Court of Appeals 19 September 1975.

The defendant, Wiley Spinks, was charged in a bill of indictment, proper in form, with the armed robbery of Reitzel Garner and John Pierce of approximately $500.00 in currency. Upon defendant's plea of not guilty, the State offered evidence tending to show the following: On 29 September 1973 at about 4:30 to 5:00 o'clock p.m., Reitzel Garner and John Pierce were on the side of a rural paved road in Randolph County working on Garner's automobile when two girls, Kay Gordon and Judy Freeman, came by and engaged them in conversation. Reitzel Garner gave each of the girls $1.00 from his wallet, which contained several hundred dollars. The girls invited the men to meet them later that day at their trailer in Asheboro. At about 5:30 p.m., the girls, both prostitutes, went to their trailer where they saw the defendant, Wiley Spinks, a black man who lived in the trailer with them. They told Spinks of their meeting with Garner and Pierce and that the men had some money and that they thought they could get it. They arranged with Spinks that they would lure the two men to a specific location where Spinks and others would rob them. As arranged, Garner and Pierce came to the trailer at about 6:30 p.m. Pursuant to their agreement with Spinks, the two girls lured Garner and Pierce into a remote area in Randolph County off Highway 49, where defendant Spinks and Reginald Garner, a defendant whose case was consolidated with that of Spinks, and another black man by the name of Earl Street, with the use of a shotgun and a brick, robbed John Pierce of $13.00 and Reitzel Garner of approximately $625.00. During the robbery, a shotgun was discharged, and Reitzel Garner was struck over the head with a brick and injured.

The defendant Spinks testified, denying participation in the robbery and offered evidence of an alibi.

From a verdict of guilty as charged and the imposition of a prison sentence of twenty (20) years, defendant gave notice of appeal, which was later withdrawn. By order dated 16 April 1975, this court allowed the defendant's petition for a writ of certiorari.

*Attorney General Edmisten by Associate Attorney W. A. Raney, Jr., for the State.*

*William W. Ivey for defendant appellant.*

HEDRICK, Judge.

Defendant first assigns as error the failure of the District Judge to assign counsel to represent him at the preliminary hearing. The record before us discloses that the defendant was represented at the preliminary hearing by Attorney Archie L. Smith. This assignment of error is not sustained.

[1] Next, defendant assigns as error the order of Judge Exum consolidating the defendant's case for trial with that of defendant Garner. Defendant did not object to the order consolidating the two cases for trial. Indeed, the record discloses that when the District Attorney moved to consolidate the cases, the trial judge inquired if the defendant objected and Attorney Coltrane replied for defendant Spinks, "No objection." Clearly, defendant has failed to show any abuse of discretion upon the part of the trial judge in consolidating the two cases for trial. *State v. Hamilton,* 264 N.C. 277, 141 S.E. 2d 506 (1965).

[2] By his third assignment of error, defendant contends the court erred in allowing the witness Janet Cox to testify over his objection to what the defendant Spinks related to her regarding his participation in the robbery of Garner and Pierce. Defendant argues that because the witness was a "surprise" witness, the court should have continued the case to allow counsel an opportunity to prepare "his defense on the phase of the case to which the additional evidence related." We do not agree. Defendant concedes the allowance of testimony challenged by this exception was within the discretion of the trial judge. The record reveals that the court considered the element of surprise and gave the defendant's counsel an opportunity to consider the testimony to be given by the witness. The record further reveals that the District Attorney advised both the court and defendant's counsel that he would offer the testimony of Janet Cox within a short time after he learned of the witness. There is nothing in the record to indicate that defendant moved for a continuance. Under these circumstances, we perceive no abuse of discretion upon the part of the trial judge in allowing the witness to testify.

Defendant has other assignments of error which we have carefully considered and find to be without merit. Defendant had a fair trial, free from prejudicial error.

No error.

Judges MORRIS and ARNOLD concur.